UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMAL F. MUHAMMAD,

               Plaintiff,

             -against-

U.S. GOVERNMENT,

             Defendant.

22-CV-2089 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, invokes the Court's federal question jurisdiction, alleging that Defendant United States Government has violated his rights. By order dated March 14, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, to waive the filing fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff brings his claims using the court's general complaint form. He checks the box to invoke the Court's federal question jurisdiction. In response to the question on the form asking him to state which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes, "Theft, copy[right] infringement, stolen intellectual property, public harassment + assault, exploitation, spying, invasion of privacy." (ECF 2, at 2.)

The following allegations are taken form the complaint. In March 2020, at the beginning of the Covid-19 pandemic, Plaintiff "gave intellectual information to mitigate the virus" and "[a]s a result, the United States Congress passed" the CARES Act based on Plaintiff's information. (*Id.* at 5.) "Following a monetary request," Congress and the President authorized Plaintiff "to continue providing information that curbed the covid-19 virus." (*Id.*) Plaintiff's information "resulted in 'stay-at-home' orders, the paycheck protection program, pandemic unemployment assistance, field hospitals, vaccines, . . . and a $50 Trillion rebound in the stock markets." (*Id.*) Plaintiff continues to provide the government with such information, which he alleges has "saved millions of lives, millions of jobs + livelihoods, saved and made trillions of dollars, as well as created a strong and safe economy." (*Id.* at 6.) He states that "[i]nformation can be found at the US Copyright Office, title 'COVID-19 Mitigation and Pandemic Playbook.'" (*Id.*)

Plaintiff alleges that he has suffered "[p]hysical abuse by food ordered from UBER Eats, [m]ental abuse from public shaming and threats while being targeted, as well as technological abuses interfering with [his] mental health and physical health." (*Id.*) He has also suffered

"[f]inancial damages from being unable to work due to public shaming + government mandates" and "[i]nvasion of privacy." (*Id.*)

Plaintiff seeks "at least" $22 billion in damages for "financial losses, cost of living backpay, funds requested from CARES Act passage, continues work in progress and all emotional and mental damages received." (*Id.*)

## DISCUSSION

### A.   Failure to State a Claim

The Court construes Plaintiff's allegations that he had the idea for various Covid-19 mitigation and recovery strategies as seeking relief for copyright infringement. The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989).

It is a fundamental principle of copyright law that "a copyright does not protect an idea, but only the expression of an idea." *Kregos v. Associated Press*, 3 F.3d 656, 663 (2d Cir. 1993)); *see* 17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea[,] . . . concept, [or] principle, . . . regardless of the form in which it is described, explained, illustrated, or embodied in such work."); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 547 (1985) ("[N]o author may copyright . . . ideas."); *Williams v. Chrichton*, 84 F.3d 581, 589 (2d Cir. 1996) ("Any similarity in the theme of the parties' works relates to the unprotectible idea of a dinosaur zoo."); *Eden Toys, Inc. v. Marshall Field & Co.*, 675 F.2d 498, 501 (2d Cir. 1982) ("Plaintiff cannot copyright the 'idea' of a snowman."); *Dean v. Cameron*, 53 F. Supp. 3d 641, 648 (S.D.N.Y. 2014) ("Plaintiff does not have a monopoly on

3

the idea of floating or airborne land."); *Castorina v. Spike Cable Networks, Inc.*, 784 F. Supp. 2d 107, 112 (E.D.N.Y. 2011) ("[A] theme of 'referencing significant Americans' is an uncopyrightable idea.").

Here, Plaintiff fails to state a claim under the Copyright Act because he does not allege that he created any tangible expression of his ideas or that he holds any copyright to such a tangible expression. He instead alleges that he gave the federal government information that it used as the basis for public policy and legislation, but "a copyright does not protect an idea." *Kregos*, 3 F.3d at 663. The Court therefore dismisses the complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Frivolousness**

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's assertion that he should be compensated for allegedly providing the federal government with the information on which it based its Covid-19 mitigation strategies and economic recovery measures, and his allegations that he has been "public[ly] shamed" and threatened as a result of providing such information, are wholly implausible, and there is no legal theory on which Plaintiff may rely. *See*

4

*Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore also dismisses the complaint as a frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses Plaintiff's complaint for failure to state a claim on which relief may be granted and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  March 25, 2022
        New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge